IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMILIO M. LLANES, et al., | ) |
| Plaintiffs, | ) 4:06cv3155 |
| vs. | ) MEMORANDUM AND ORDER |
| NEBRASKA STATE PATROL, et al., | ) |
| Defendants. | ) |

This matter is before the court on filing no. 26, the Motion and Affidavit to Appoint Counsel filed by the plaintiffs, Emilio M. Llanes and Frances M. Llanes. In their complaint, as supplemented (filing nos. 1 and 6), the plaintiffs, of Mexican descent, assert federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging wrongful arrest and detention, excessive force and discrimination in connection with a traffic stop by Nebraska State Patrol Trooper Barton on July 4, 2004.

In filing no. 22, my Memorandum and Order of April 2, 2007, I explained, in connection with the plaintiffs' previous Motion for Appointment of Counsel, that unlike criminal prosecutions, federal district courts cannot routinely appoint counsel in civil cases. "There is no constitutional or statutory right to appointed counsel in civil cases ...." Phillips v. Jasper County Jail, 437 F.3d 791, 793 (8th Cir. 2006). In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals stated: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.)

1

In filing no. 26, the plaintiffs assert that they have tried without success to obtain legal representation. Nevertheless, this case is still at an early stage, and because appointed counsel would serve for little or no compensation or on a contingent fee basis, consideration of such appointment will be deferred until later in the case. Therefore, for the present, filing no. 26 is denied. If, in the course of this litigation, the plaintiffs find that they need extensions of time to meet deadlines because they are proceeding pro se, they may file written motions for such relief.[1]

SO ORDERED.

April 17, 2007.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[1] A motion for extension of time must be filed *before* expiration of the deadline at issue.