IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO M. LLANES, et al.,, | ) | 4:06CV3155 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA STATE PATROL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon Plaintiffs' motions for sanctions (filing 28) and for reconsideration of this court's most recent order denying appointment of counsel (filing 36). For the reasons stated below, I will deny both motions. As I explain below, I also direct Mr. Llanes to cease acting as counsel for Mrs. Llanes in this matter.

*Motion for Sanctions*

Plaintiffs seek sanctions, asserting that Defendants failed to serve several documents on them. Defendants have submitted an affidavit opposing that request. (Filing 31.) Defendants' affidavit and the certificates of service on the documents that were allegedly not served upon Plaintiffs establish that Defendants did serve copies of the documents in question upon Plaintiffs in accordance with Fed. R. Civ. P. 5(b)(2)(B) & 5(d) by mailing them to Plaintiffs at their last known address (P.O. Box 247, Hastings, NE 68902-0247). That post office box address is the address Plaintiffs listed on their two motions before the court. This court has previously ordered the Plaintiffs to keep the court informed of their current address at all times while this case is pending (filing 5 at ¶10), and the court has not been advised by Plaintiffs that their address has changed. I find that Defendants did serve Plaintiffs

with the documents in question and will deny the motion for sanctions for failure to serve Plaintiffs.

*Leave for One of Defendants' Attorneys to Withdraw*

The affidavit submitted by Plaintiffs in support of their motion for sanctions indicates they are confused about which lawyer represents Defendants. (Filing 29 at 2.) There are presently two attorneys of record for Defendants, Kevin K. Stephenson and John L. Jelkin. (Filings 18, 19, 25.) Both are or were employed by the Attorney General of the State of Nebraska. After electronic mail sent to Mr. Stephenson by the Court was returned as undeliverable (filing 23), the Court was informally advised that Mr.Stephenson had left the employ of the Attorney General, a motion for withdrawal of Mr. Stephenson would be filed, and Mr. Jelkin would file a notice of appearance. Although Mr. Jelkin has filed a notice of appearance (filing 25), no motion for withdrawal of Mr. Stephenson has been filed. On the Court's own motion, the Court grants Mr. Stephenson leave to withdraw as counsel. Mr. Jelkin is now the only attorney representing Defendants.

*Motion for Reconsideration of Order*
*Denying Appointment of Counsel*

Defendants have filed a motion requesting reconsideration of this Court's April 17, 2007 order denying their request for appointment of counsel. (Filing 36.) As I have stated in two prior orders, there is no constitutional or statutory right to appointed counsel in civil cases. (Filings 22, 27 (each citing cases).) Plaintiffs' filings with the court indicate that they are able to investigate the facts and present their claims. Despite their assertion that they have limited understanding of the English language (filing 36), Plaintiffs have clearly communicated with the Court. I deny the motion for reconsideration.

*Mr. Llanes Cannot Represent Ms. Llanes*

The Complaint names as defendants "Emilio M. Llanes and Frances M. Llanes, Husband and Wife." My review of documents filed by Plaintiffs with the Court indicates that each of them is signed only by Mr. Llanes, on behalf of himself and his wife. The motions for appointment of counsel indicate that Mr. Llanes is not an attorney. The Court's records indicate that no attorney is representing Plaintiffs. By signing documents filed with the Court on behalf of Mrs. Llanes, Mr. Llanes is acting in the capacity of a lawyer for Mrs. Llanes. Any nonlawyer may represent himself or herself before this court. Thus Mr. Llanes may represent himself. And Mrs. Llanes could represent herself. However, Mr. Llanes cannot represent his wife–or anyone else.

The unauthorized practice of law is a crime in the State of Nebraska. Neb. Rev. Stat. Ann. § 7-101 (LexisNexis 2003). A pro se litigant has no right to have a person who is not a lawyer act in the capacity of a lawyer for the litigant. See e.g., Knoefler v. United Bank of Bismark, 20 F.3d 347, 348 (8th Cir.1994) (nonlawyer trustee could not represent trust); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986) (father of minor children could not represent children who were also plaintiffs); 28 U.S.C. § 1654. In fact it has been held to be plain error to allow a non-lawyer guardian, such as a parent, to represent the ward as a lawyer in the jury trial of a civil case even when the guardian was a "well-educated economist." Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882-83 (3d Cir.1991).

I will direct that Mr. Llanes cease representing his wife in this matter, and that Mrs. Llanes either obtain counsel, sign all documents filed by Plaintiffs with this court on her own behalf, or withdraw from this case. If Mr. Llanes or Mrs. Llanes fail to comply with this directive, this court may impose sanctions without further notice, and those sanctions may include dismissal of this action.

*Other Matters*

The Report of Rule 26(f) Planning Meeting was signed only by Defendants. It indicates that "Plaintiffs do not wish to sign at this time and have not agreed to anything, and wish to wait until their motion for sanctions is decided first." (Filing 35 at 6.) I will refer this matter to the Magistrate Judge for determination of what, if any, action to take with regard to the failure of Plaintiffs to sign the report of the Rule 26(f) planning meeting, and for entry of a progression order.

For the foregoing reasons,

IT IS ORDERED:

1.      Plaintiffs' motion for sanctions (filing 28) is denied;

2.      On the Court's own motion, Kevin K. Stephenson is granted leave to withdraw as counsel for Defendants;

3.      Plaintiffs' motion for reconsideration of this Court's most recent order denying appoinment of counsel (filing 36) is denied;

4.      Plaintiff Emilio M. Llanes shall cease acting as an attorney for plaintiff Frances M. Llanes. Noncompliance by Emilio M. Llanes with this order may result in the imposition of sanctions without further notice, which could include dismissal of this action;

5.      Plaintiff Frances M. Llanes shall either sign all documents filed on her behalf with this Court from this date forward, obtain counsel, or file a motion asking that she be dismissed as a party. Noncompliance by Frances M. Llanes with this order may result in the imposition of

sanctions without further notice, which could include dismissal of this action; and

6.  This matter is referred to Magistrate Judge Gossett for determination of what action, if any,  to take with regard to the failure of Plaintiffs to sign the report of the Rule 26(f) planning meeting and for entry of a progression order.  The Clerk shall provide a copy of this order to the Magistrate Judge.

June 1, 2007                                BY THE COURT:

                                            *s/Richard G. Kopf*
                                            United States District Judge