IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO M. LLANES, Husband and Wife, and FRANCES M. LLANES, Husband and Wife, | ) ) ) ) | 4:06CV3155 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| UNKNOWN BARTON, | ) ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiffs' Motion for Subpoena to Produce Documents and Things Duces Tecum (filing no. 69), Defendant's Motion to Quash Plaintiffs' Subpoenas (filing no. 71), Plaintiffs' Motion for Hearing regarding Motion to Quash Plaintiffs' Subpoenas (filing no. 72), Plaintiffs' Motion to Enlarge Time of Depositions, Interrogatories, Discovery Dispositive Motions (filing no. 74), and Plaintiffs' Motion for Hearing on Plaintiffs' Motion to Enlarge Time (filing no. 75).

MOTION FOR SUBPOENAS

In Plaintiffs' Motion for Subpoena to Produce Documents and Things Duces Tecum (filing no. 69), Plaintiffs move the court for an order directing the Clerk of court to issue and print subpoenas on "the Nebraska State Claims Board for the state of Nebraska, the Nebraska Attorney General Office, the Nebraska State Patrol and the NSP Internal Affairs Division to permit the inspection and copying of the documents, things and items materials related to plaintiffs complaint." (*Id.* at CM/ECF p. 1.)

In response to Plaintiffs' Motion, Defendant argues that the request should be denied because the subpoenas requested are vague and overbroad. (Filing No. 71.) Defendant further states that Plaintiffs' requested subpoenas seek to permit the

inspection of documents, things, items and materials that are duplications of documents already provided to Plaintiffs, irrelevant, or may be confidential or privileged. Furthermore, Defendant states that he has already responded to Plaintiffs' requests for production and Plaintiffs' interrogatories and believes he has provided Plaintiffs with all non-privileged information and documents relevant to this case.

Federal Rule of Civil Procedure 45(c)(3) provides that the court shall quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or if the subpoena subjects a person to undue burden. The subpoenas requested by Plaintiffs request privileged information and are overly broad and burdensome. Therefore, the Defendant's Motion to Quash is granted and Plaintiffs' filing nos. 69 and 72 are denied. Plaintiffs are advised to contact counsel for Defendant to work out any on-going discovery disputes.

MOTION TO ENLARGE TIME

Next, Plaintiffs move the court for an order "extending the time and dateline of Depositions, Interrogatories, Discovery and Dispositive Motions in which Plaintiffs may comply with the Court progression of the case." (Filing No. 74.) Plaintiffs' Motion, however, fails to request specifically how long they would like to extend the time set forth in the progression order. Therefore, the Motion and the Motion for Hearing (filing no. 75) are denied. Plaintiffs may file a new motion requesting an extension of time with greater specificity.

IT IS THEREFORE ORDERED that:

1.   Plaintiffs' Motion for Subpoena to Produce Documents and Things Duces Tecum (filing no. 69) is denied.

2. Defendant's Motion to Quash Plaintiffs' Subpoenas (filing no. 71) is granted.

3. Plaintiffs' Motion for Hearing regarding Motion to Quash Plaintiffs' Subpoenas (filing no. 72) is denied.

4. Plaintiffs' Motion to Enlarge Time of Depositions, Interrogatories, Discovery Dispositive Motions (filing no. 74) is denied.

5. Plaintiffs' Motion for Hearing on Plaintiffs' Motion to Enlarge Time (filing no. 75) is denied.

March 18, 2008.   BY THE COURT:

*s/Richard G. Kopf*
United States District Judge