IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO M. LLANES and ) | | |
| FRANCES M. LLANES, Husband ) | | |
| and Wife, ) | 4:06CV3155 | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | **MEMORANDUM** | |
| ) | **AND ORDER** | |
| UNKNOWN BARTON, Trooper ) | | |
| (Badge No. 38), ) | | |
| ) | | |
| Defendant. ) | | |

This matter is before the court on Defendant's Motion to Compel (filing no. 76), and Defendant's Motion to Quash Plaintiff's Notary Public Subpoenas Duces Tecum/Motion to Strike (filing no. 84).

**<u>Motion to Compel</u>**

Defendant filed his Motion to Compel on March 4, 2008. (Filing No. 76.) Accompanying his Motion to Compel, Defendant filed a Brief (filing no. 77) and Index of Evidence (filing no. 78). Plaintiffs filed a Brief in Opposition to Defendant's Motion to Compel on March 13, 2008. (Filing No. 79.)

In his Motion to Compel, Defendant states that on February 11, 2008, Plaintiffs Emilio and Frances Llanes attended their depositions but refused to respond to numerous questions. (Filing No. 77 at CM/ECF p. 1-2.) Citing to specific pages of the depositions at issue, Defendant states that Emilio Llanes and his wife refused to answer questions about Emilio's work history, medical history, criminal history, work-related injuries, and his previous dealings with the State Patrol. (*Id*.) Defendant further asserts that Plaintiff Emilio Llanes refused to execute medical

releases. (*Id*.) Defendant asks that this court enter an order compelling Plaintiffs to respond to the questions of the Defendant at a second deposition of Plaintiffs at Plaintiffs' expense. (*Id*. at CM/ECF p. 2.)

Federal Rule of Civil Procedure 37(a)(1) states that:

(1) ***In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Further, this court's local rules state that "[a] discovery motion shall include in the text of the motion or in an attachment a verbatim recitation of each interrogatory, request, answer, response, and objection that is the subject of the motion." NECivR 7.1(i)(2).

Defendant's motion to compel certifies that "the question[s] that were asked of Plaintiff and his wife were made in good faith and that Counsel for Defendant has conferred with the Plaintiff about answering said questions and executing said medical releases, but as is apparent from the text of the depositions, such efforts have been to no avail." (Filing No. 76 at CM/ECF p. 2.) The motion to compel and its attachments (filings 76 & 78) identify the specific subject matter about which Plaintiffs refused to speak; cite the deposition pages on which the "answer[s], responses[s], and objection[s] that [are] the subject of the motion" appear; and contain verbatim copies of those deposition pages.

It is clear from the deposition transcripts that Plaintiffs were nonresponsive during their depositions. Plaintiffs are warned that pursuant to Federal Rules of Civil Procedure Rules 26(b)(1) and 30, they are required to answer all relevant nonprivileged questions asked in a deposition. The fact that Plaintiffs are proceeding

pro se and in forma pauperis does not excuse them from this responsibility. NEGenR 1.3(g) (stating a pro se plaintiff must "comply with all local rules . . . and with the federal rules of procedure"). Accordingly, I shall grant Defendant's motion to compel.

While Federal Rule of Civil Procedure 37(a)(5)(A) allows the court to require the payment of reasonable expenses and attorney's fees incurred in making a motion to compel, I shall not make such an award due to Plaintiffs' in forma pauperis status. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (court must not order payment of reasonable expenses and attorney's fees if "circumstances make an award of expenses unjust"). However, Plaintiffs are warned that continued failure to comply with the Federal Rules of Civil Procedure, this court's local rules, and this court's orders could result in the imposition of sanctions, including dismissal of this case with prejudice.

**Motion to Quash**

Defendant also filed with the court a Motion to Quash Plaintiff's Notary Public Subpoena Duces Tecum/Motion to Strike. (Filing No. 84.) Defendant's Motion raises a "substantial issue of law." However, the Motion is not supported by a brief as required by Nebraska Civil Rule 7.1(1). Defendant shall file a brief in support of his Motion to Quash Plaintiff's Notary Public Subpoena Duces Tecum/Motion to Strike by May 2, 2008. Failure to file a brief by May 2, 2008 will result in the denial of Defendant's Motion.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Compel (filing no. 76) is granted in part insofar as it requests to retake the depositions of Plaintiffs, who are ordered to answer counsel's questions regarding Plaintiff Emilio Llanes's work history, medical history, criminal history, work-related injuries, and his previous dealings with the State Patrol.

Plaintiffs are further ordered to execute relevant medical releases.

2.	Plaintiffs are warned that continued failure to comply with the Federal Rules of Civil Procedure, this court's local rules, and this court's orders could result in the imposition of sanctions, including dismissal of this case with prejudice.

3.	Defendant's Motion to Compel (filing no. 76) is denied in part insofar as it requests payment of reasonable expenses and attorney's fees incurred in making the Motion to Compel and insofar as it requests that the retaken depositions be funded by Plaintiffs.

4.	Defendant shall file a brief in support of his Motion to Quash Plaintiff's Notary Public Subpoena Duces Tecum/Motion to Strike by May 2, 2008. In the absence of the filing of a brief in accordance with this Memorandum and Order, the Motion will be denied.

5.	The Clerk of Court is directed to set a pro se case management deadline stating: Defendant's Brief in support of his Motion to Quash Plaintiff's Notary Public Subpoena Duces Tecum/Motion due May 2, 2008.

April 22, 2008.	BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge