IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO M. LLANES, et al., | ) | 4:06CV3155 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA STATE PATROL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court upon a motion to dismiss the claims brought by Mr. Llanes. I will grant that motion. As the only remaining claims are state law claims brought by Mrs. Llanes, I will decline to exercise pendant jurisdiction over the state claims. This order and the accompanying judgment terminate this case. I now explain.

### *Background*

  Plaintiffs Emilio and Frances Llanes filed a complaint asserting federal civil rights claims under 42 U.S.C. § 1983 and state law tort claims, all stemming from a July 4, 2004 highway stop. The named defendants were the State of Nebraska, the Nebraska State Patrol, Col. Tom Nesbitt of the Nebraska State Patrol in his official capacity, and Nebraska State Patrol officers Tuma and Barton. Tuma and Barton were named in their official and individual capacities. In an April 2, 2007 order, the claims against the State, the Nebraska State Patrol[1], Col. Tuma in both his official and individual capacities and Trooper Barton in his official capacity were dismissed. (Filing 22.) That left one remaining defendant: Trooper Barton in his individual capacity.

---

[1] Col. Nesbitt was never served in this action, in any capacity. *See* filing 22 at p.5 n.3. The action against him is properly dismissed for that reason.

In a December 4, 2007 order, summary judgment was entered on multiple § 1983 claims in favor of Trooper Barton. The complaint had alleged excessive force during a highway stop in violation of the Fourth Amendment, unreasonable seizure during the course of the highway stop in violation of the Fourth Amendment, and Fourteenth Amendment equal protection violations. Trooper Barton was granted immunity from suit on all claims brought by *Mrs.* Llanes under § 1983, with the result that *Mrs.* Llanes' only remaining claims are the state tort claims against Trooper Barton. Trooper Barton was granted immunity from suit on all claims brought by *Mr.* Llanes under § 1983, *except* the claim that Trooper Barton violated the Fourth Amendment by using excessive force, with the result that Mr. Llanes' only remaining claims are the § 1983 claim asserting excessive force in violation of the Fourth Amendment against Trooper Barton in his individual capacity and the state tort claims against Trooper Barton. (Filing 65.)

### *The Motion to Dismiss*

This matter is before the court upon Trooper Barton's motion to dismiss the claims brought by Mr. Llanes (filing 98) as a sanction for Mr. Llanes' failure to comply with a prior court order granting a motion to compel (filing 92). Knowing exactly what happened when Trooper Barton stopped the Llanes' vehicle, whether excessive force was used during that stop, and whether Mr. Llanes was injured during that traffic stop is central to Mr. Llanes' remaining § 1983 excessive force claim and state tort claims. When first deposed, in February 2008, Mr. Llanes refused to answer questions regarding his work history, medical history, work-related injuries, previous dealings with the Nebraska State Patrol, and details of the alleged assault by Trooper Barton during the roadside stop of the Llanes' vehicle. Mr. Llanes had also refused to execute medical releases. In response to a motion to compel, and on April 22, 2008, I ordered Mr. Llanes to answer Defendant's counsel's questions regarding these topics and to sign the medical releases. (Filing 92.) The order included a clear warning that failure to comply could result in the sanction of dismissal with prejudice.

The order stated as follows: "Plaintiffs are warned that continued failure to comply with the Federal Rules of Civil Procedure, this court's local rules, and this court's orders could result in the imposition of sanctions, including dismissal of this case with prejudice." (Filing 92 at 4.)[2]

During a second deposition taken on May 23, 2008, Mr. Llanes again objected to or refused to answer questions on the topics specified in the April 22, 2008 court order. *See* filing 98 (Motion to Dismiss) at ¶ 6 (pinpoint citations to repeated violations of the April 22 order). Following that second deposition, Mr. Llanes continued to refuse to sign forms authorizing the release of his medical records and social security disability records. (Filing 100-3 (Aff. of D's Counsel) at ¶¶ 9-10.)

In objecting to or refusing to answer these questions, and in continuing to refuse to sign medical releases, Mr. Llanes deliberately acted in willful disregard of this court's order. Five exchanges are illustrative. *See, e.g.*, filing 100-2 (Emilio Llanes Dep.) at 5:17-6:7 (acknowledging court warnings about possible dismissal of the case); 45:9-17 (refusing to answer job history question even after reminder that the court directed him to answer questions on that topic, stating "*[i]f the court wants to arrest me he can arrest me, okay. Go for it, I don't care.*"); 46:25-47:2 (objecting to question about prior injury, stating "*let the court put me in jail* if they want me to [answer more questions]"; 51:1-15 (objecting to questions within scope of April 22 court order, stating he would "*take my chances with the court*" and observing "*you will win if the court decide the case, can dismiss my case*"); 106:1-5 (refusing to answer questions and terminating the deposition early, observing "*[a]nd if the court wanted – wanted – want to dismiss the case or take action against me the court will have to disclose every single reasons and justify the reasons why.*") (emphasis added, grammar as in original).

---

[2]The motion to compel was directed at both plaintiffs. Dismissal as a sanction is sought only against Mr. Llanes.

Federal rules permit dismissal of an action for failure to comply with a discovery order, Fed. R. Civ. P. 37(b), and for general failure to comply with the federal rules or a court order, Fed. R. Civ. P. 41(b). Dismissal with prejudice is an extreme sanction, but is permitted when there is a deliberate default. *Anderson v. Home Insurance Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (affirming dismissal as sanction for pro se plaintiff's failure to comply with discovery order). In the context of a discovery order, "deliberateness includes failure to respond to discovery requests, even with extensions, and failure to provide full information after a court order." *Id.* Dismissal of Mr. Llanes' claims is an appropriate sanction for Mr. Llanes' deliberate and willful disregard of this court's April 22 order directing him to answer questions and provide medical releases.

### *Mr. Llanes' Motion*

Mr. Llanes has filed a document dated June 26, 2008 with the court, which I treat as a motion for sanctions against the remaining defendant and his counsel. (Filing 103.) I find that the allegations in the document are totally without merit. (Filing 104 (Aff. of Counsel for D). I will deny Mr. Llanes' motion.

### *Mr. Llanes' Continued Requests for Counsel*

In an April 4, 2007 order (filing 22), Mr. Llanes' request for appointment of counsel was denied. Periodically since that time, Mr. Llanes' submissions to the court request or suggest that counsel be appointed. (*See, e.g.*, filing 103 at 2 ("the need for the court to act and appoint an attorney is imperative and necessary").) For the reasons stated in the April 4 order, this court has broad discretion to decide whether counsel should be appointed. This is not a factually or legally complex case, and Mr. Llanes has been able to clearly present his claim to the court. Any problems Mr. Llanes has with this court and this case are of his own making–he refuses to

comply with court orders. To the extent that Mr. Llanes' most recent submission (filing 103) requests appointment of counsel, that request is denied.

### *Mrs. Llanes' Remaining Claims*

As I have dismissed all of Mr. Llanes' claims, the sole remaining claims in this matter are Mrs. Llanes' state law claims. Supplemental jurisdiction over pendant state claims is discretionary, and I decline to exercise jurisdiction over Mrs. Llanes' claims. 28 U.S.C. § 1367(c)(4) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). I will dismiss Mrs. Llanes' state law claims without prejudice.

For the foregoing reasons:

IT IS ORDERED:

1. Mr. Llanes' remaining federal and state claims are dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b) and 41(d) as a sanction for his deliberate and willful disregard of this court's April 22 order directing him to answer questions and provide medical releases;

2. Filing 103, construed as a motion for sanctions and for appointment of counsel, is denied;

2. The court declines to exercise supplemental jurisdiction over Mrs. Llanes' state law claims (her only remaining claims) and dismisses those claims without prejudice; and

3. Judgment shall be entered by separate order.

July 30, 2008.                    BY THE COURT:

                                  *s/Richard G. Kopf*
                                  United States District Judge